#201638/pld/ERV

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARCIA SHERMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: |
| | ) ) |
| NATIONAL RAILROAD PASSENGER CORPORATION, a/k/a AMTRAK | ) ) ) ) |
| Defendants. | ) |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, MARCIA SHERMAN, by and through her attorneys, Coplan & Crane, Ltd., complaining of Defendant, NATIONAL RAILROAD PASSENGER CORPORATION, a/k/a AMTRAK for her Complaint at Law, pleading hypothetically and in the alternative, states:

### Nature of the Case

1. This is an action arising under the Federal Employers Liability Act for negligent injury inflicted by Defendant, National Railroad Passenger Corporation, d/b/a AMTRAK, against Plaintiff Marcia Sherman.

### The Parties

2. That at all times mentioned herein, Plaintiff, MARCIA SHERMAN was a resident of Fort Wayne, Allen County, State of Indiana.

3. That at all times mentioned herein, Defendant NATIONAL RAILROAD PASSENGER CORPORATION, a/k/a AMTRAK, is now, and was at all times

hereinafter mentioned, a railroad corporation duly organized and existing according to law to engage in, and was engaged in, business as a common carrier in interstate commerce in the states of Indiana, Illinois and other states of the Union, providing passenger and freight rail service across the country. AMTRAK operates its railroad throughout the State of Illinois including in and through the County of Cook.

## Jurisdiction and Venue

4. Jurisdiction in this claim for relief is premised upon 28 U.S.C. § 1331, specifically, FELA, 45 U.S.C. § 51 et seq.

5. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and (c)(2), given that Amtrak owns rail in the judicial district defined as the United States District Court for the Northern District of Illinois, and operates trains continuously and systematically in that district.

6. On February 8, 2017, Plaintiff, MARCIA SHERMAN, was employed by Defendant, AMTRAK, in the capacity of a locomotive engineer, working on trains from Chicago, Illinois to Pontiac, Michigan and vice versa, on Amtrak's railroad system.

7. On February 8, 2017, Plaintiff, MARCIA SHERMAN, was performing the duties of her work on Amtrak's 352 train, from Chicago to Pontiac, Michigan, according to Amtrak's instructions.

8. On February 8, 2017, Plaintiff, MARCIA SHERMAN's duties were in the furtherance of interstate commerce, or directly, closely or substantially affecting such commerce.

9. On February 8, 2017, Plaintiff, MARCIA SHERMAN, and defendant AMTRAK were engaged in interstate commerce, and their mutual rights and liabilities were

governed and controlled by 45 U.S.C. § 51-60, the Federal Employers' Liability Act, and the Plaintiff, MARCIA SHERMAN, brings this action under the provisions of same Act.

10. At all times relevant hereto, Defendant, AMTRAK, had a continuous and non-delegable duty to the Plaintiff to exercise reasonable care and diligence in operating its train to prevent injury to the Plaintiff, and in providing the Plaintiff with a reasonably safe work environment.

11. On February 8, 2017, while Plaintiff, MARCIA SHERMAN, was on board of said Amtrak train, she sustained severe and permanent injuries when the train collided with a truck.

### COUNT I – FELA

12. Plaintiff, MARCIA SHERMAN, states that her injuries and damages were caused in whole or in part, no matter how slight, by the negligent acts or omissions of the defendant AMTRAK in one or more of the following particulars:

   a. Failed to provide Plaintiff with a reasonably safe place to work;
   b. Failed to provide Plaintiff with reasonably safe equipment;
   c. Failed to warn Plaintiff and others of unsafe condition of the crossing;
   d. Failed to properly maintain the crossing;
   e. Failed to properly train Plaintiff;
   f. Failed to provide a crashworthy railroad car; or
   g. Failed to provide adequate training as to what steps to take in the event of an impending collision at a crossing;

13. That as a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant, AMTRAK, the Plaintiff MARCIA SHERMAN,

has sustained severe and permanent injuries, both physical and mental in nature, has sustained lost earnings and medical bills and other reasonable damages and will continue to suffer such damage in the future. Plaintiff's ability to work, labor and enjoy the normal pursuits of life has been impaired and lessened all to Plaintiff's general damage in excess of $75,000.00.

14. As a further direct and proximate result of the wrongful conduct of defendant, as alleged herein, Plaintiff MARCIA SHERMAN has incurred certain economic damages, including, but not limited to, expenses for hospitals, doctors and medical care, expenses for lost earnings, and lost earning capacity, all to said Plaintiff's damages in an amount not yet ascertained, the exact amount to be proven at the time of trial.

WHEREFORE, Plaintiff prays for judgment against Defendant, AMTRAK, for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), plus costs of suit.

Respectfully Submitted,

COPLAN & CRANE, LTD.

By: **/s Ervin B. Nevitt**

COPLAN & CRANE, LTD.
1111 WESTGATE STREET
OAK PARK, ILLINOIS 60301
(708) 358-8080 (TELEPHONE)
(708) 358-8181 (FACSIMILE)
IL.COURT@COPLANCRANE.COM